## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRUCE SKOORKA,** | Civ. No. 14-4561 (KM)(MAH) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **KEAN UNIVERSITY, et al.,** | |
| **Defendants.** | |

Plaintiff Bruce Skoorka has filed a motion (Dkt No. 7) pursuant to 28 U.S.C. § 1292(b), seeking leave to appeal a decision (Dkt. No. 5) transferring his case from the Southern District of New York to this district. Because I perceive no controversial issue of law or any way in which such an appeal would advance the ultimate resolution of Skoorka's case, I will deny the motion.

## Background

### The SDNY action

Skoorka is a professor of Economics at Kean University. He alleges that the defendants discriminated against him because of his religion, and retaliated against him because he previously complained about discrimination. Skoorka alleges several acts of discrimination or retaliation. Most relevant to this motion, though, is his allegation that the defendants have interfered with Skoorka's other job. In addition to teaching at Kean, Skoorka teaches part-time at New York University. Skoorka alleges that Kean interfered with his employment at NYU by scheduling him to teach courses at Kean at times that would conflict with his teaching schedule at NYU.

**The interlocutory transfer order**

Skoorka filed this complaint—one of several he has filed asserting similar claims against Kean University and its employees—in the United States District Court for the Southern District of New York. On July 18, 2014, United States District Judge Gregory H. Woods transferred Skoorka's case to this District. (Dkt. No. 5) Judge Woods found that, because none of the parties and events in this suit seemed to have any connection to New York, venue for the Title VII claims was not proper in his District under 42 U.S.C. § 2000e-5(f)(3). In the alternative, Judge Woods held that the claims would be transferred "[f]or the convenience of the parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a).

That transfer order is not appealable as a matter of right under 28 U.S.C. § 1291 because it is not a final decision of the district court.

> "It is entirely settled ... that an order granting ... a motion to transfer venue under [28 U.S.C. § ] 1404(a) ... is interlocutory in character and not immediately appealable under Section 1291." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3855, at 319 (3d ed. 2007).

*Liberi v. Taitz*, 425 F. App'x 132, (3d Cir. Mar. 28, 2011); *see also In re Federal-Mogul Global, Inc.,* 300 F.3d 368, 378 (3d Cir.2002). The specific grounds for transfer are not critical to the appealability issue, and appeal is not authorized by the collateral order doctrine:

> "[O]rders granting or denying motions to transfer under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) are not immediately appealable under 28 U.S.C. § 1291 as collaterally final orders. It is irrelevant for these purposes whether the motion to transfer is based on a forum selection clause, the convenience of witnesses, or other factors." *Nascone v. Spudnuts, Inc.,* 735 F.2d 763, 772–73 (3d Cir. 1984). *See also McCreary Tire & Rubber Co. v. CEAT S.p.A.,* 501 F.2d 1032 (3d Cir.1974) ("An order transferring an action pursuant to 28 U.S.C. § 1404(a) or refusing to make such a transfer is interlocutory and unappealable under § 1291.").

*Single Employer Welfare Ben. Plan Trust v. Datalink Electronics, Inc.,* 372 F. App'x 294, 297 (3d Cir. Mar. 24, 2010).

2

**Skoorka's motion for leave to appeal the transfer order**

Skoorka, though, has asked this Court to allow him leave to appeal the transfer order. (Dkt. No. 7) Where a district judge enters an order that is not otherwise appealable, federal law gives the judge the option of stating in writing that he considers the issue worthy of an interlocutory appeal. 28 U.S.C. § 1292(b). To issue such a statement, the judge must be of the opinion that 1) the order involves "a controlling question of law as to which there is substantial ground for difference of opinion"; and 2) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation" 28 U.S.C. § 1292(b). Both are required.

## Discussion

Neither of the Section 1292(b) factors is present here. I find no grounds for a substantial difference of opinion as to the correctness of the district court's decision to transfer the case. Nor do I find that an immediate appeal from the order would advance a resolution of this case. The motion for leave to appeal will therefore be denied.

**The correctness of the SDNY transfer order**

I find little room for debate that transferring this case to this district was proper.

Skoorka's SDNY complaint is anchored by a single federal-law claim under Title VII of the Civil Rights Act. Title VII provides that venue is proper in any of three types of jurisdictions: 1) any judicial district in the State where the unlawful employment practice is alleged to have been committed; 2) the judicial district in which the employment records relevant to the unlawful employment practice are maintained; or 3) the district in which the plaintiff would have worked but for the alleged unlawful employment practice. Failing that, the action may be brought (4) where the respondent has its principal office. 42 U.S.C. § 2000e-5(f)(3).

Under those statutory standards, venue may or may not have been improper in New York, but it clearly is proper in New Jersey. Skoorka argues that an alleged unlawful employment practice occurred in New York because Kean's scheduling practices, although they occurred here, interfered with his teaching schedule at NYU. (*See* Mot., 2). I disagree; the unlawful employment practice itself "is alleged to have been committed" by Kean in New Jersey. In the alternative, Skoorka argues that venue is proper in New York because, but for Kean's scheduling practices, he would have worked (or worked additional days) at New York University. *See* 42 U.S.C. § 2000e-5(f)(3) (Title VII venue in "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice") I will assume without deciding that such a claim could be venued in New York on that basis.[1] That, however, does not dispose of the issue.

True, a federal court *shall* dismiss or transfer a case when venue is improper. *See* 28 U.S.C. § 1406. But it also *may* transfer a case to a superior forum even when venue is permissible. *See* 28 U.S.C. § 1404. Thus a district judge possesses the discretion to transfer a case to another district where doing so serves "the convenience of parties and witnesses," and "the interest of justice." 28 U.S.C. § 1404(a). And that is what Judge Woods did.

The convenience of parties and witnesses would not seem to be a close call. True, the districts are adjoining. But all of the relevant events and actors—including Skoorka himself—are located in and around Kean University, here in New Jersey.[2] Skoorka has made no showing that trying the case in New York

---

[1]    What the drafters no doubt had in mind was that a plaintiff, denied employment or fired on a discriminatory basis, could sue *that employer* in the district where the plaintiff would have worked but for the discrimination. Skoorka poses an interesting variation: he alleges that discrimination by one employer, Kean, in New Jersey is preventing him working for another employer, NYU, in New York, and that therefore he may sue Kean in New York. One can imagine extreme variations on this scenario: a plaintiff claiming that his New Jersey employer discriminatorily denied him employment or training as a pipefitter, thereby disqualifying him for a job on an Alaska pipeline, and suing the New Jersey employer in Alaska.

[2]    One party, the American Federation of Teachers, is located in Washington, D.C. Without prejudging the matter, I note that the AFT was dismissed from a parallel

would be more convenient, and he has not rebutted the fairly obvious proposition that a trial in New Jersey would be far more convenient for the parties and witnesses.

With respect to the interests of justice, I must consider judicial economy. The now-transferred SDNY complaint is very similar to a pending action in this District that Skoorka filed in 2007 and refiled in 2009, 09-cv-3428 (D.N.J.). The claims and parties appear to overlap almost entirely. Only the time frame seems to have shifted. (The implication is that Skoorka believes the defendants have persisted in the conduct for which he sued earlier.) In the pending, earlier-filed DNJ action (No. 09-cv-3428), the procedural history and the factual background are extensive and the filings are voluminous. It therefore serves the interests of judicial efficiency, as well as the interests of the parties, to have the district judge and the magistrate judge already familiar with the matter handle this more recent incarnation of Skoorka's claims.

Skoorka identifies only one reason that transferring venue was not in the interests of justice. He says that "based on prior events, Plaintiff cannot obtain an impartial trial in New Jersey." (Mot., 3) There are no facts to support such a claim. Skoorka has suffered some defeats, both in State and federal court, but those adverse rulings do not reflect on the impartiality of any New Jersey court or jury.

## Conclusion

Accordingly, I will deny Skoorka's request for leave to appeal the decision to transfer venue. A separate order will issue.

June 5, 2015
Newark, New Jersey

Kevin McNulty
United States District Judge

---

action, 09-cv-3428 (D.N.J.). At any rate, AFT's Washington location does not furnish any basis for choosing between a New Jersey and a New York venue.